**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| EDGAR PICHARDO, | : | |
| Petitioner, | : | Civ. No. 13-6930 (KM) |
| v. | : | Civ. No. 19-_____ (KM) |
| NEW JERSEY et al., | : | **MEMORANDUM AND ORDER** |
| Respondents. | : | |

Petitioner, Edgar Pichardo, is a state prisoner presently incarcerated at East Jersey State Prison, in Rahway, New Jersey. In November 2013, he filed a petition for writ of habeas corpus, under 28 U.S.C. 2254, challenging his conviction and sentence on the basis of ineffective assistance of counsel. On December 22, 2015, this Court issued an opinion and order that granted Mr. Pichardo relief as to his claim of ineffective assistance of appellate counsel with respect to the application of aggravating factor 1 during sentencing and ordered that Mr. Pichardo be resentenced without the application of aggravating factor 1. (D.E. 17 & 18.) Mr. Pichardo was apparently resentenced on April 1, 2016.

Mr. Pichardo subsequently filed an "amended" habeas petition on the same docket as his original § 2254 petition, Civil Number 13-6930, which had been closed. This petition alleges that court, on resentencing, failed to adhere to the directive of this Court's prior order and that his counsel on appeal from the resentencing was ineffective. (D.E. 23.) Upon screening the petition, the Court has determined that dismissal of this new petition without an answer and the record is not warranted. *See* Rule 4 of Rules Governing § 2254 Cases.

Because it relates to the resentencing, this "amended petition" is better understood as a new and separate habeas proceeding. Accordingly, I will direct the clerk to refile the new petition as the original pleading under a new docket number. So as not to prejudice Mr. Pichardo, I will also direct that, for all purposes, the filing date for this new petition will be the filing date of the amended petition under the 13-6930 docket number.

Accordingly, IT IS this 17th day of January, 2019

ORDERED that the Clerk of the Court shall refile petitioner's amended petition (Civ. No. 13-6940, D.E. 23) as an original petition in a separate habeas proceeding under a newly-assigned docket number; and it is further

ORDERED that this petition shall be treated for all purposes as if properly filed on October 16, 2017; and it is further

ORDERED that Administrator Patrick Nogan shall be substituted as the proper respondent to this petition; and it is further

ORDERED that the Clerk of the Court shall serve, pursuant to Rule 4 of the Rules Governing § 2254 Cases, a Notice of Electronic Filing of this Order on the State of New Jersey, Department of Law & Public Safety, Division of Criminal Justice, Appellate Bureau ("the Bureau"), in accordance with the Memorandum of Understanding between this Court and the Bureau; and it is further

ORDERED also in accordance with the Memorandum of Understanding, that if the Bureau intends to refer the action to a county prosecutor's office, the Bureau will use its best efforts to upload to CM/ECF a "referral letter" indicating the name of that office within fourteen (14) calendar days from the date of this Order; and it is further

ORDERED that if the respondents believe that the petition is untimely under the Antiterrorism and Effective Death Penalty Act of 1996, within forty-five (45) days after the date this Order is filed, respondents may file a motion to dismiss the petition on timeliness grounds only, provided that the motion (1) attaches exhibits that evince all relevant state-court filing dates, (2) contains legal argument discussing pertinent timeliness law, and (3) demonstrates that an answer to the merits of the petition is unnecessary; and it is further

ORDERED that if a motion to dismiss is filed, petitioner shall have thirty (30) days to file an opposition brief, in which petitioner may argue any bases for statutory and/or equitable tolling, and to which petitioner may attach any relevant exhibits; and it is further

ORDERED that if petitioner files an opposition, respondents shall have ten (10) days to file a reply brief; and it is further

ORDERED that if the motion to dismiss is subsequently denied, the Court will then direct respondents to file a full and complete answer to all claims; and it is further

ORDERED that if respondents do not file a motion to dismiss the petition, respondents shall file a full and complete answer to all claims asserted in the petition within forty-five (45) days of the entry of this order; and it is further

ORDERED that respondents' answer shall respond to each factual and legal allegation of the petition, in accordance with Rule 5(b) of the Rules Governing § 2254 Cases; and it is further

ORDERED that respondents' answer shall address the merits of each claim raised in the petition by citing to relevant federal law; and it is further

ORDERED that, in addition to addressing the merits of each claim, respondents shall raise by way of the answer any appropriate defenses that respondents wish to have the Court consider, including, but not limited to, exhaustion and procedural default, and also including,

with respect to the asserted defenses, relevant legal arguments with citations to appropriate federal legal authority; all non-jurisdictional affirmative defenses subject to waiver not raised in respondents' answer or at the earliest practicable moment thereafter may be deemed waived; and it is further

ORDERED that respondents' answer shall adhere to the requirements of Rule 5(c) and (d) of the Rules Governing § 2254 Cases in providing the relevant state-court record of proceedings, including any *pro se* filings; and it is further

ORDERED that the answer shall contain an index of exhibits identifying each document from the relevant state-court proceedings that is filed with the answer; and it is further

ORDERED that respondents shall electronically file the answer, the exhibits, and the list of exhibits; and it is further

**ORDERED that all exhibits to the answer must be identified by a descriptive name in the electronic filing entry, for example:**

**"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX"** or

**"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY"**; and it is further

ORDERED that petitioner may file and serve a reply to the answer within forty-five (45) days after respondents file the answer, *see* Rule 5(e) of Rules Governing § 2254 Cases; and it is further

ORDERED that, within seven (7) days after any change in petitioner's custody status, be it release or otherwise, respondents shall electronically file a written notice of the same with the Clerk of the Court; and it is further

ORDERED that the Clerk of the Court shall serve a copy of this order on petitioner by

regular U.S. mail; and it is further

ORDERED that the Clerk of the Court shall file this memorandum and order under both (a) the original docket number, Civ. No. 13-6930, and (b) the newly-assigned docket number.

KEVIN MCNULTY
United States District Judge